UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
EUGENE MCCLOUD, individually and on behalf of all others similarly situated,

Case No:

**CLASS ACTION COMPLAINT**

Plaintiff,

-against-

**JURY TRIAL DEMANDED**

WINE.COM, INC.,

Defendant.
------------------------------------------------------------------------X

Plaintiff EUGENE MCCLOUD, individually and on behalf of all others similarly situated, as representative, by his attorneys Law Offices of Jason L. Abelove, P.C. and Law Office of Paul A. Pagano, P.C., allege, upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

## PRELIMINARY STATEMENT

1. Plaintiff EUGENE MCCLOUD ("McCloud") brings this action individually in accordance with New York Labor Law ("NYLL") for failure: (1) to pay his straight time wages; (2) to pay overtime wages; (3) to pay wages timely in violation of NYLL § 191(1)(a); and (4) to provide accurate wage statements in violation of NYLL § 195 (3).

2. Plaintiff McCloud also brings this action on behalf of himself and all similarly situated manual workers who furnished labor to Defendant WINE.COM, INC. ("Wine.com") who were not timely paid their wages under NYLL § 191(1)(a), on behalf of himself and all similarly situated workers who were not paid all their straight time wages, and on behalf of himself and all similarly situated workers who were not paid their overtime wages.

1

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 (a)(1), 28 U.S.C. § 1332 (d)(2)(a), 29 U.S.C. § 201 et. seq. and 28 U.S.C. § 1367.

4. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## THE PARTIES

**Plaintiff**

5. Plaintiff McCloud is an individual who resides in the State of New York, County of Nassau.

**Defendant**

6. Defendant Wine.com is a foreign corporation incorporated in Delaware with a principal place of business in San Francisco, California.

7. Defendant Wine.com is engaged in the sale of wine throughout the country from its Westbury, NY facility.

8. At all times, Plaintiff and the members of the below class were/are employees of Defendant within the meaning of the NYLL and FLSA.

9. At all times, Defendant was/is the employer of the Plaintiff and the members of the below class within the meaning of the NYLL and FLSA.

## STATEMENT OF FACTS

10. Plaintiff McCloud was employed by Wine.com from approximately December 12, 2019 to March 3, 2020 and was paid $13 per hour.

11. During his time with Wine.com, Plaintiff worked as a Wearhouse Associate-QC/Packer. In that job, he would, *inter alia*, pick orders based off a sheet, pack them, and check the line to make sure deliveries were correct.

12. At all times that Plaintiff was employed by Wine.com he spent most of his time engaged in physical labor.

13. At all times that Plaintiff was employed by Wine.com, he spent at least 25% of his working time engaged in physical labor.

14. Indeed, at all times that Plaintiff was employed by Wine.com, he spent almost 100% of his working time engaged in physical labor.

15. At all times Plaintiff was employed by Wine.com he was a manual worker.

16. Throughout his employment with Wine.com, Plaintiff was paid $1,000 on a bi-weekly basis (on the 5th and 20th of each month). Additionally, he was not paid all wages within seven calendar days of the end of the week in which they were earned.

17. While Plaintiff was scheduled to work 6 a.m. to 3 p.m. Monday to Saturday he often worked longer than that.

18. Despite working overtime hours throughout his employment, he was never paid overtime.

19. Further, based on his flat pay rate he was not even paid for all straight time hours worked.

20. As a result, the wage statements provided to him were inaccurate.

21. Additionally, Plaintiff was not paid at all for the work he performed on March 3, 5, and 20, 2020.

22. At all times, Defendant Wine.com had the ability to pay Plaintiff McCloud properly and the knowledge that it was required to. Notwithstanding that, Defendant Wine.com intentionally and willfully failed to pay Plaintiff McCloud straight time wages owed, overtime wages owed, and all wages in a timely fashion.

23. Upon information and belief, Defendant Wine.com paid Plaintiff and its other employees on a bi-weekly basis from the beginning of its operations until approximately 2022.

24. Wine.com has not been authorized by the New York Commissioner of Labor to pay manual workers less frequently than weekly pursuant to Labor Law § 191.

## CLASS ACTION ALLEGATIONS

25. During the six-year period preceding the filing of this complaint, all of the people who worked in Defendant Wine.com's warehouse in Westbury, New York worked doing manual labor relating to the packing and shipping of wine bottles.

26. While the job titles were different all of the employees did the same physical activities including, but not limited to, picking orders based off a sheet, packing them, and/or checking the line to make sure deliveries were correct.

27. All warehouse employees spent most of their time engaged in physical labor.

28. All warehouse employees spent at least 25% of their time engaged in physical labor.

29. All warehouse employees were manual workers.

30. All warehouse employees until approximately 2022 were paid their wages on a bi-weekly basis and were routinely not paid within seven calendar days after the end of the week in which wages were earned.

31. None of the warehouse employees were paid overtime despite working overtime hours.

32. All the warehouse employees were paid on a flat rate basis which did not even cover all straight time hours worked.

33. Plaintiff brings this action under Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and the following class: "All warehouse employees who were/are employed by Wine.com in the Westbury NY warehouse from six years prior to the filing of the complaint in this matter to the present."

34. There is diversity of citizenship between at least one class member and the Defendant. Indeed, Plaintiff is a citizen of NY while Defendant is a citizen of Delaware and California.

35. Upon information and belief, there is complete diversity of citizenship between Plaintiff and the members of the Class on the one hand and Defendant on the other hand. Indeed, as the warehouse employees worked in Westbury NY it is likely that they lived within commuting distance and are thus NY citizens while the Defendant is a citizen of Delaware and California.

36. The members of the Class are so numerous that joinder of all members is impracticable. There were approximately 40 people working on a given shift with two shifts per day. Taking into account, *inter alia*, turnover during the preceding 6 years, the members of the Class are believed to be in excess of 100 individuals. The precise number of members of the Class is known to the Defendant.

37. Common questions of law and fact exist as to the Class that predominate over any questions only affecting members of the Class individually, namely: (1) whether they were "manual workers"; (2) whether they were paid all their straight wages; (3) whether they were paid

on a bi-weekly basis; and (4) the damages to which members of the Class are entitled due to the Defendant's' failure to comply with NYLL including NYLL § 191(1)(a), and/or NYLL § 198(1-a).

38. The Plaintiff's claims are typical of the claims of the Class he seeks to represent. Plaintiff and all of the members of the Class work, or have worked, in the State of New York for Defendant. Plaintiff and all of the members of the Class have performed similar job duties and have spent more than 25% of their time engaged in physical labor. Plaintiff and the members of the Class all enjoy the same statutory rights under NYLL § 191(1)(a) and NYLL § 198 (1-a). Plaintiff and the members of the Class were not paid for all their straight time hours worked. Plaintiff and the members of the Class were not paid for all overtime hours worked.

39. Plaintiff will fairly and adequately represent and protect the interests of the members of the Class. Plaintiff understands that as class representative, he assumes a fiduciary responsibility to the Class to represent their interests fairly and adequately. Plaintiff recognizes that as a class representative, he must represent and consider the interests of the Class just as he would represent and consider his own interests. Plaintiff understands that in decisions regarding the litigation and its possible settlement, he must not favor his own interests over the Class. Plaintiff recognizes that any resolution of a class action must be in the best interest of the Class. Plaintiff understands that in order to provide adequate representation, he must be informed of developments in litigation, cooperate with class counsel, and testify at depositions and/or trial.

40. Plaintiff has retained counsel competent and experienced in complex class actions and employment litigation.

41. There is no conflict between Plaintiff and the members of the Class.

42. A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The members of the Class have been damaged and are entitled to recovery as a result of Defendants' violations of NYLL including NYLL § 191(1)(a) and NYLL § 198 (1-a). Although the relative damages suffered by the individual members of the class are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. The individual members of the Class lack the financial resources to vigorously prosecute individual lawsuits against Defendant to recover, *inter alia*, liquidated damages. In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

43. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3) as the questions of law and fact common to the members of the Class predominate over any other questions affecting only individual members, and as a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

44. This action is properly maintainable as a class action under Federal Rules of Civil Procedure 23(b)(1)(A) and 23(b)(1)(B) in that prosecuting separate actions by individual members of the Class would create a risk of adjudications with respect to the individual members of the Class that may establish incompatible standards of conduct for the parties opposing the Class and/or that, as a practical matter, would be dispositive of the interests of the other members of the Class not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

45. Due to Defendant's violations of the NYLL, Plaintiff has been damaged in an amount in excess of $75,000.

46. Due to Defendants' violations of the NYLL, Plaintiff and the members of the Class have been damaged in an amount in excess of $5,000,000.

## ARTICLE III STANDING ALLEGATIONS

47. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

48. According to the U.S. Supreme Court, Article III standing requires that a plaintiff suffer a concrete harm such as physical harm, monetary harm, or various intangible harms.

49. The Second Circuit has described the requirement as a low threshold that helps to ensure that a plaintiff has a personal stake in the outcome of the controversy.

50. The Second Circuit has also held that at the pleading stage a plaintiff need only generally allege facts that, accepted as true, make his alleged injury plausible.

51. Further, according to the U.S. Supreme Court, the type of harm suffered need not be unique but rather must be suffered personally by the plaintiff.

52. To establish standing a plaintiff must show that: (1) he suffered an injury in fact that is concrete, particularized, and actual or imminent; (2) that the injury was likely caused by the defendant; and (3) that the injury would likely be redressed by judicial relief.

53. With respect to monetary harms, the Second Circuit has held that any monetary loss, no matter how small, suffered by the plaintiff satisfies the injury in fact element.

54. With respect to the delayed payment of wages in NYLL § 191(1)(a) claims, various Courts, including the Appellate Division First Department and the United States District Court for the Eastern District of New York, have found that the delayed payment of wages constitutes harm.

55. Plaintiff McCloud suffered an injury in fact that is concrete, particularized and actual. Namely, during his employment with Defendant Wine.com, said Defendant failed to pay

8

Plaintiff McCloud his wages timely when due. As a result of the untimely payments, Plaintiff McCloud forwent the opportunity to invest or otherwise use the money to which he was entitled and he was deprived of the time value of his money, including but not limited to, interest.

56. Plaintiff McCloud's injuries were caused by Defendant Wine.com as it was the Defendant who failed to pay Plaintiff McCloud timely.

57. Plaintiff McCloud's injuries can be redressed through the judicial relief of the ordering of the payment of monetary damages by Defendant to Plaintiff McCloud.

58. Each of the members of the Class has suffered an injury in fact that is concrete, particularized and actual. Namely, during their employment with Defendant Wine.com, said Defendant failed to pay the members of the Class their wages timely when due. As a result of the untimely payments, the members of the Class forwent the opportunity to invest or otherwise use the money to which they were entitled and they were deprived of the time value of their money, including but not limited to, interest.

59. The members of the Class' injuries were caused by Defendant Wine.com as it was the Defendant who failed/fail to pay the members of the Class timely.

60. The members of the Class' injuries can be redressed through the judicial relief of the ordering of the payment of monetary damages by Defendant to the members of the Class.

61. With respect to unpaid straight time and overtime, Plaintiff and the members of the Class suffered an injury in fact that is concrete, particularized and actual in that they did not get paid wages they are entitled to.

62. The Plaintiff and the members of the Class' injuries were caused by Defendant Wine.com as it was the Defendant who failed/fail to pay the members of the Class their straight time and overtime wages.

63. The Plaintiff and the members of the Class' injuries can be redressed through the judicial relief of the ordering of the payment of monetary damages by Defendant to the Plaintiff and the members of the Class.

### FIRST CAUSE OF ACTION
### Plaintiffs and the Class against Wine.com for Violations of NYLL §§ 191(1)(a) and 198

64. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

65. Plaintiff and the members of the Class were/are employed by Wine.com.

66. Plaintiff and the members of the Class spent/spend most of their time engaged in physical labor.

67. Plaintiff and the members of the Class spent/spend at least 25% of their time engaged in physical labor.

68. Plaintiff and the members of the Class were/are manual workers as defined by the NYLL.

69. Plaintiff and the members of the Class were paid, their wages on a bi-weekly basis and were routinely not paid within seven calendar days after the end of the week in which wages were/are earned.

70. Defendant Wine.com willfully failed to pay the Plaintiff and the members of the Class as frequently as required by NYLL § 191.

71. Due to Defendant Wine.com's violations of the NYLL, Plaintiff and the members of the Class are entitled to recover from Defendant Wine.com liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

### SECOND CAUSE OF ACTION
### Plaintiff and the Class against Wine.com for Violations of NYLL failure to pay straight time wages

72.     Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

73. Plaintiff and the members of the Class were/are employed by Defendant Wine.com.

74. Plaintiff and the members of the Class are covered by the NYLL and are required to be paid a minimum wage.

75. However, Plaintiff and the members of the Class were paid a flat rate bi-weekly which did not cover all hours worked.

76. Additionally, Defendant failed to pay Plaintiff McCloud for straight time work performed on March 3, 5, and 20, 2024.

77. As such, Defendant violated NYLL by failing to pay Plaintiff and the members of the Class for all straight time hours worked.

78. Defendant's actions in failing to pay Plaintiff and the Class members their straight time wages was and is willful.

79. Due to Defendant Wine.com's violations of the NYLL, Plaintiff and the members of the Class are entitled to recover from Defendant Wine.com unpaid straight time wages, liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

**THIRD CAUSE OF ACTION**
**Plaintiff and the Class against Wine.com for Violations of NYLL failure to pay overtime wages**

80. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

81. Plaintiff and the members of the Class were/are employed by Defendant Wine.com.

82. Plaintiff and the members of the Class are covered by the NYLL and are required to be paid overtime wages for all hours worked in excess of 40 per week.

11

83.     However, Plaintiff and the members of the Class were paid a flat rate bi-weekly which did not cover all straight time hours worked let alone overtime hours.

84.     Plaintiff and the members of the Class were not paid for overtime.

85.     As such, Defendant violated NYLL by failing to pay Plaintiff and the members of the Class for all overtime hours worked.

86.     Additionally, Defendant failed to pay Plaintiff McCloud for overtime work performed on March 3, 5, and 20, 2024.

87.     Defendant's actions in failing to pay Plaintiff and the Class members their overtime wages was and is willful.

88.     Due to Defendant Wine.com's violations of the NYLL, Plaintiff and the members of the Class are entitled to recover from Defendant Wine.com unpaid overtime time wages, liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## FOURTH CAUSE OF ACTION
### Plaintiff against Wine.com for Violation of NYLL 195(3)

89.     Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

90.     Plaintiff was employed by Defendant Wine.com.

91.     Defendant Wine.com was required to provide Plaintiff with accurate wage statements pursuant to NYLL 195(3).

92.     Due to Defendant's failure to pay Plaintiff for all straight time and overtime earned, his wage statements were inaccurate.

93.     Defendant's actions were willful.

94.     Given the foregoing, Plaintiff is entitled to $5,000 in wage statement penalties.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all other similarly situated persons, respectfully requests that the Court grant the following relief:

a) Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

b) Designation of Plaintiff as representatives of the Class and counsel of record as class counsel;

c) On the first cause of action, damages in an amount to be determined at trial which includes, but is not limited to, liquidated damages, interest, and attorneys' fees, costs and disbursements;

d) On the second cause of action, damages in an amount to be determined at trial which includes, but is not limited to, unpaid straight time wages, liquidated damages, interest, and attorneys' fees, costs and disbursements;

e) On the third cause of action, damages in an amount to be determined at trial which includes, but is not limited to, unpaid overtime wages, liquidated damages, interest, and attorneys' fees, costs and disbursements;

f) On the fourth cause of action, statutory damages pursuant to NYLL 195(3) and 198(1-d);

g) All pertinent and available damages under the NYLL and supporting regulations;

h) Appropriate injunctive and declaratory relief;

i) Prejudgment interest;

j) Post-Judgment interest;

k) Reasonable attorneys' fees and costs of the action; and

l) Such other relief as this Court shall deem just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all claims properly triable by a jury.

Dated: Garden City, New York
      September 25, 2024

Respectfully Submitted,
Law Offices of Jason L. Abelove, P.C.

By: *Jason L. Abelove*
      Jason L. Abelove, Esq.
      *Attorneys for Plaintiff*
      666 Old Country Road, Suite 303
      Garden City, NY 11530
      (516) 222-7000
      jason@jasonabelove.com

Law Office of Paul A. Pagano, P.C.

By: *Paul A. Pagano*
      Paul A. Pagano, Esq.
      *Attorneys for Plaintiff*
      100 Duffy Avenue, Suite 510
      Hicksville, NY 11801
      (917) 589-1479
      paul@lawofficepaulpagano.com